**WO**                                                                                                          SC

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Demar Shivers, | ) No. CV 10-2389-PHX-GMS (JRI) |
| Petitioner, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Joseph M. Arpaio, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

On November 4, 2010, Petitioner Corey Demar Shivers, who is confined in Maricopa County's Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with an Application to Proceed *In Forma Pauperis*. (Doc. 1, 2.)  The Court will summarily dismiss the Petition and this action without prejudice as premature.

**I.      Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  See LRCiv 3.5(b).

*/ / /*

*/ / /*

*/ / /*

*/ / /*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.      Background**

Petitioner seeks to challenge his conviction by a jury in Maricopa County Superior Court, Case No. CR2010-005937.[1]  Petitioner's sentencing in that case is currently scheduled for November 22, 2010.[2]

**II.      Premature Filing of a Habeas Petition**

A prisoner attacking a state conviction must *first* exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983).  To exhaust state remedies, a petitioner must fairly present his claims to the highest state court within a state's standard review process  in order to provide the state with an opportunity to rule on the merits of his federal claims. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); see McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals, either on direct appeal or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court.  Crowell v. Knowles, 483 F.Supp.2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); cf. Swoopes, 196 F.3d at 1010 (citing pre-1989 statutory amendment); Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (same).

As noted above, Petitioner has not yet been sentenced in CR2010-1005937, much less exhausted available state court remedies.  Accordingly, the Court will summarily dismiss this action without prejudice as premature.

---

[1]  See http://www.courtminutes.maricopa.gov/docs/Criminal/092010/m4401616.pdf.

[2]  See http://www.courtminutes.maricopa.gov/docs/Criminal/102010/m4426742.pdf.

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)     The Petition and this action are **dismissed without prejudice** as premature. (Doc. 1.)

(3)     The Clerk of Court must enter judgment accordingly and close this case.

(4)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 16th day of November, 2010.

G. Murray Snow
United States District Judge